UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
CIVIL DIVISION


<u>INDEX OF EXHIBITS</u>


EXHIBIT                          DESCRIPTION

A                                Plaintiff's Consular Report of Birth Abroad;

B                                Declaration of Plaintiff, Mr. Adeeb Adeeb-Mnasar Saleh;

C                                Plaintiff's Employment Letter;

D                                Plaintiff's Passport Receipts;

E                                Correspondence from the Department of State;

F                                Plaintiff's responses to the Department of State;

G                                Plaintiff's Passport Receipts for 2020 application

H                                Passport Application Denial letter

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## CIVIL DIVISION

| | | |
|---|---|---|
| **ADEEB ADEEB-MNASAR SALEH;** | ) | **Case No** |
| | ) | **Hon.** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ANTONY J. BLINKEN,** Secretary of State, | ) | |
| United States  Department  of State, in his official | ) | |
| capacity; | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR WRIT OF MANDAMUS & DECLARATORY RELIEF

Plaintiff, **ADEEB ADEEB-MNASAR SALEH,** through his undersigned counsel, states as follows:

### Introduction

1.      This action is brought to compel Defendant and those acting under him to process Plaintiffs 2014 application to renew his United States passport - a duty Defendant owed to Plaintiff - which has remained pending for over six years.

2.      This action is also brought to compel the Defendant to reverse their recent arbitrary decision to deny Plaintiff's 2020 application to renew his United States passport.

3.      This is a civil action brought pursuant to 28 U.S.C. § 1331 and 8 U.S.C. § 1361, the Mandamus Act, to redress the  deprivation  of  rights,  privileges  and  immunities  secured to Plaintiff. Plaintiffs claim to relief arises under 8 U.S.C. § 1421 and 8 U.S.C. § 1503.

4.      Defendant, in violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq., is willfully and unlawfully withholding and/or unreasonably delaying Plaintiffs application to renew his United States passport and has failed to carry out the administrative functions delegated to him by law and regulation in regard to Plaintiffs case.

## Parties

5.      Plaintiff Adeeb Adeeb-Mnasar Saleh is a naturalized United States Citizen born in Al-Baida, Yemen. Plaintiff is a resident of Wayne County, Michigan and this district.

6.      Defendant Antony J. Blinken is Secretary of State of the United States Department of State ("DOS"). Defendant Blinken is being sued in his official capacity.

## Jurisdiction and Venue

7.      Under U.S. Const. Art. III §2, this Court has jurisdiction because the rights sought to be protected herein are secured by the United States Constitution.

8.      Jurisdiction is proper pursuant to 28 U.S.C. § 1361 under which this Court has the power to compel an officer of the United States to perform his duty.

9.      Jurisdiction is also proper pursuant to 5 U.S.C. §551, et seq., 28 U.S.C. §1331, 5 U.S.C. § 701, et seq., 5 U.S.C. § 706, 28 U.S.C. § 1651, 8 U.S.C. § 1503, the United States Constitution, and federal common law. Relief is requested pursuant to said statutes.

10.      This action seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § § 2201-02, Rules 57 and 65 of the Federal Rules of Civil Procedure, and pursuant to the general, legal, and equitable powers of this Court.

11.      This action also seeks damages pursuant to 28 U.S.C. § 1343(a).

12.      Venue is proper under 42 U.S.C. § 1391(e) as to Defendant because Defendant is an officer or employee of an agency of the United States sued in his official capacity, and because this judicial district is where Plaintiff resides and where a substantial part of the events or omissions giving rise to the claims occurred.

## Standing

13.      As an individual who has been "adversely affected or aggrieved by agency action," Plaintiff has standing and is entitled to judicial review under the Administrative Procedures Act, 5 U.S.C. §§ 702, 706.

14.      Plaintiff has standing under the Mandamus Act, 28 U.S.C. §1361, because he has a clear right to the relief he is requesting.

15.      Plaintiff has standing under 8 U.S.C. § 1503, denial of rights and privileges as a national, because he is a United States Citizen.

## Factual Background

16.      Plaintiff was born on August 23, 1994 in Al-Baida, Yemen. He obtained his United States citizenship through an approved petition for Consular Report of Birth Abroad (hereinafter "CRBA") on October 28, 1997.  (See **Exhibit A** - Plaintiffs Certificate of Consular Report of Birth Abroad).

17.      Subsequent to his CRBA, Plaintiff entered the United States and has resided in Michigan for the majority of the time. (See **Exhibit B** – Declaration of Plaintiff)

18.      Since being approved for CRBA and entering the United States, Plaintiff successfully renewed his United States passports without issues.

19.      Plaintiff has spent the majority of his life in the United States and has never had any issues with his passport or citizenship status before the present arbitrary delay and denial.

20.      Plaintiff attended school at Edsel Ford High School in Dearborn, Michigan and graduated in 2014.

21.      Plaintiff has been working at Detroit Nevada Plant of Lear Corporation since 2015. (See **Exhibit C** – Plaintiff's Employer Letter)

22.     Pursuant to 22 U.S.C. § 213, Plaintiff applied for a renewal of his United States passport in 2014 at his local United States post office located in Detroit, Michigan. (See **Exhibit D** – Plaintiff's passport receipts).

23.     This renewal would be the second renewal of Plaintiff's United States passport.

24.     Plaintiff waited years before hearing back from the Department of State about his 2014 passport application, whereby he was eventually asked by the Department of State agents to provide a DNA sample during an interview. (See **Exhibit E** – Correspondence from the Department of State)

25.     Plaintiff obliged and provided a DNA sample during this interview, which was administered by the Department of State. For reasons unknown, the Department failed to proceed following the extraction of Plaintiff's DNA.

26.     Since that time, having received no response from the Passport Office, Plaintiff contacted the Passport Office on several occasions to inquire regarding the status of his passport renewal application. (See **Exhibit F** – Plaintiff's responses to the Department of State)

27.     Each time he contacted the Passport Office regarding his 2014, he was informed that his passport application is still pending.

28.     Plaintiff most recently inquired with the Passport office through his present counsel and was still told his application is still pending.

29.     Because Plaintiff's 2014 passport application was still pending with no end in sight, Plaintiff re-applied for a passport in 2020. (see **Exhibit G** – receipt for 2020 Passport application)

30.     Once again, the Department of State requested a DNA sample from the Plaintiff stating it was "voluntary" to provide one. Plaintiff replied stating that such sample has been given already pursuant to his 2014 passport application and since it is voluntary, he will not repeat the same test again which yielded no decision in 2014.

Plaintiff demanded that a decision be made based on his previous DNA sample.

31.     In response to Plaintiff's refusal to conduct a voluntary DNA test, the Department of State denied Plaintiff's 2020 passport application. (**Exhibit H** – 2020 Passport Denial).

32.     As of this date, Plaintiffs passport renewal application from 2014 remains pending and Plaintiff has not received his United States passport.

33.     Plaintiff is eligible to have his United States passport renewal application processed.

34.     Defendant is charged by law with the statutory obligation to process applications for United States passports.

35.     Plaintiff has suffered, and will continue to suffer, injury as a direct result of Defendant's failure to perform his statutory obligation to process passport applications.

36.     Specifically, due to Defendant's failure to adjudicate Plaintiffs passport application and because Defendant's arbitrary denial of his recent passport application, Plaintiff has had to forego opportunities for gainful employment outside of the U.S, and to travel to visit his mother who is now severely ill, as well as delay his marriage to his long-time fiancé in Yemen.

## COUNT I
## WRIT OF MANDAMUS

37.     Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

38.     Pursuant to 22 U.S.C. § 211a, the United States Secretary of State has the power to grant, issue and cause passports to be granted.

39.     The statutes and regulations confirm that Defendant has a clear duty to process Plaintiffs renewal application for a United States passport.

Defendant, in violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq., is willfully

and unlawfully withholding and/or unreasonably delaying Plaintiffs passport renewal application

and has failed to carry out the administrative functions delegated to him by law and regulation in

regard to Plaintiffs  case.

40.      Defendant, also in violation of the Administrative Procedure Act, 5 U.S.C §701, et

seq., willfully and unlawfully withheld and arbitrarily denied Plaintiff's passport renewal application

and has failed to carry out the administrative functions delegated to him by law and regulation in

regard to Plaintiffs case.

41.    Defendant's actions described above were and are willful, arbitrary, capricious, an

abuse of discretion, otherwise not in accordance with law, and contrary to constitutional rights,

power, privilege, or immunity, and should be declared unlawful pursuant to 5 U.S.C. § 706.

The adjudication of Plaintiffs passport renewal application is ministerial  and

non-discretionary. See Paunescu v. INS 76 F., Supp. 2d 896 (N.D. 111.1999); Maciel v. Rice, 007 2

U.S. Dist. LEXIS 95298.

42.      Defendant's conduct amounts to a constructive denial of Plaintiffs United States

passport renewal application.

43.      Defendant has, therefore, denied the Plaintiff his constitutionally-protected

liberty interest to travel, without due process, in violation of the Fifth Amendment to the

United States Constitution, as interpreted by the United States Supreme Court in Kent v. Dulles,

357 U.S. 116 (1958).

44.      Defendant's failure to act on Plaintiff's passport renewal application constitutes a

final agency action in violation of the Administrative Procedure Act, pursuant to 5 U.S.C. §§

551(13) and 704(a)(2). See also CNRC Action v. BLM, 150 F, 3d 1132, 1137 (9th Cir. 1998);

Independence Mining Co. v. Babbitt, 105 F.3d 502, 511 (9th Cir. 1997).

45.     Plaintiff has a clear right to the relief sought.

46.     Plaintiff has exhausted any administrative remedies that may exist, and no other adequate remedy is available to him.

47.     Plaintiff is entitled to mandamus relief compelling Defendant to process his renewal application for a United States passport.

## COUNT II
## DECLARATORY
## RELIEF

48.     Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

49.     Pursuant to 22 U.S.C. § 211a, the United States Secretary of State has the power to grant, issue and cause passports to be granted.

50.     The statutes and regulations confirm that Defendant has a clear duty to process Plaintiffs renewal application for a United States passport.

51.     Pursuant to 8 U.S.C. § 1503, if any person who is within the United States claims right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action against the head of such department or independent agency for a judgment declaring him to be a national of the United States.

52.     Defendant's conduct amounts to a constructive denial of Plaintiffs United States passport renewal application.

53.     Defendant has therefore denied the Plaintiff his constitutionally-protected liberty interest to travel, without due process, in violation of the Fifth Amendment to the United States Constitution, as interpreted by the United States Supreme Court **in** Kent v. Dulles, 357 U.S. 116 (1958).

## COUNT III
## VIOLATION OF THE FIFTH
## AMENDMENT TO THE UNITED
## STATES CONSTITUTION

54.     Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs

of this Complaint as if fully set forth herein.

55. Pursuant to 22 U.S.C. § 211a, the United States Secretary of State has the power to grant,

issue and cause passports to be granted.

56. The statutes and regulations confirm that Defendant has a clear duty to process

Plaintiffs renewal application for a United States passport.

57. Defendant is willfully and unlawfully withholding and/or unreasonably delaying

Plaintiffs passport renewal application and has failed to carry out the  administrative functions

delegated to him by law and regulation in regard to Plaintiffs case.

58. Defendant's conduct amounts to a constructive denial of Plaintiffs United States

Passport renewal application.

59. Defendant's actions as described above in refusing to process Plaintiffs application to

renew his United States passport as well as Defendant's arbitrary denial of Plaintiff's 2020

passport application deprives Plaintiff his  constitutionally-protected liberty interest to travel

without due process in violation of the Fifth Amendment to the United States Constitution, and

will continue to do so if Plaintiff is not afforded the relief requested below, See Kent v. Dulles 3

57 U.S. 116, 125 (1958).

## COUNT IV
**UNLAWFUL AGENCY ACTION IN VIOLATION OF
THE ADMNIISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 702, 706**

60. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

61. Pursuant to 22 U.S.C. § 211a, the United States Secretary of State has the power to grant, issue and cause passports to be granted.

62. The statutes and regulations confirm that Defendant has a clear duty to process Plaintiffs renewal application for a United States passport.

63. Defendant, in violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq., is willfully and unlawfully withholding and/or unreasonably delaying Plaintiffs passport renewal application and has failed to carry out the administrative functions delegated to him by law and regulation in regard to Plaintiffs  case.

64. Defendant's actions described above were and are willful, arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and contrary to constitutional rights, power, privilege, or immunity, and should be declared unlawful pursuant to 5 U.S.C. § 706.

65. The adjudication of Plaintiffs passport renewal application is ministerial  and non-discretionary. See Paunescu v. INS, 76  , F. Supp.2d 896  (N.D. Ill. 1999); Maciel v. Rice, 2007 U.S. Dist. LEXIS 95298.

66. Defendant's conduct amounts to a constructive denial of Plaintiffs United States passport renewal  application.

67. Defendant has therefore denied the Plaintiff his constitutionally-protected liberty interest to travel without due process in violation of the Fifth Amendment to the United States Constitution, as interpreted by the United States Supreme Court in Kent v. Dulles, 357 U.S. 116  (1958).

68. Defendant's failure issue a passport to Plaintiff as well as Defendant's failure to act on Plaintiffs passport renewal application from 2014 constitutes a final agency action in violation of the Administrative Procedure Act, pursuant to 5 U.S.C. §§551(13) and 704(a)(2). See also ONRC Action v. BLM, 150 F. 3d 1132, 1137 (9th Cir. 1998); Independence Mining Co.v. Babbitt, 1 OS F.3d 502, 511 (9th Cir. 1997)

69. Plaintiff has a clear right to the relief sought.

70. Plaintiff has exhausted any administrative remedies that may exist, and no other adequate remedy is available to him.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Accept jurisdiction over this action;

2. Issue a writ of mandamus compelling the Defendant to have his agents process Plaintiffs 2014 application for a United States passport without delay and issue a formal decision in the matter; OR

3. Issue a writ of mandamus compelling the Defendant to reverse their denial of Plaintiff's 2020 passport application and issue a United States passport without delay;

4. Issue a declaratory judgment that Plaintiff is a United States citizen pursuant to 8 u.s.c.§ 1503;

5. Award damages, attorney's fees, costs, and expenses of all litigation, pursuant to the Equal Access to Justice Act ("EAJA"), as amended, 2412 and 28 U.S.C. § U.S.C § 1343(a); and, 5 U.S.C § 504, 28 U.S.C.

6. Grant all such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

HOBBALLAH LEGAL GROUP

<u>/s/ **Farah Hobballah**</u>


Farah Hobballah, Esq
16030 Michigan Ave. Ste 100
Dearborn, MI 48126
Ph.313.443.8999
<u>Farah@myfarahlawyer.com</u>
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on March ___, 2021 the foregoing complaint was served on the Defendant as well as the US Attorney General and the US Attorney for the Eastern District of Michigan via Certified US Postal Mail with return receipt requested.

/s/ Farah Hobballah
Farah Hobballah (P79479)
Hobballah Legal Group, PLC
16030 Michigan Ave. Ste 100
Dearborn, MI 48126
313.443.8999
Farah@myfarahlawyer.com

EXHIBIT A

159-0436109



UNITED STATES OF AMERICA
DEPARTMENT OF STATE

# Consular Report of Birth Abroad

of a Citizen of the United States of America

This is to certify that ___Adeeb Adeeb Mnasar Saleh___
                                    *(Name)*

born at ___Al-Baidha___                                                    ___Yemen___           sex ___Male___
              *(City)*                                                           *(Country)*

on ___August 23, 1994___ acquired United States citizenship at birth as established by documentary evidence presented
           *(Date)*

to the Consular Service of the United States at ___Sanaa, Yemen___
                                                              *(City / Country)*

on ___October 28, 1997___.
           *(Date)*

## PARENTS

___Adeeb Mnasar Saleh___            Father            ___Sanaa Yahya Mohamed___            Mother

Date of Birth ___April 23, 1968___            Date of Birth ___May 10, 1975___

(SEAL)



(Signature of Authorizing Official)

___Consul___
*(Title)*

___Sanaa, Yemen___
*(City / Country)*

___October 28, 1997___
*(Date)*

FORM FS-240

A Consular Report of Birth is proof of United States citizenship by law: 22 USC 2705

EXHIBIT B

# SWORN AFFIDAVIT

I, ADEEB ADEEB MNASAR SALEH, born 08/23/1994 hereby
solemnly swear and affirm under the penalty of perjury that the facts
stated herein are true and accurate to the best of my knowledge,
information, and belief. I have personal knowledge of the facts and
matters stated herein and I am competent to testify as such if called as
a witness before any court of law.

To Whom It May Concern:

I hope this letter finds you well. My name is Adeeb Adeeb Mnsar Saleh, I was born on August 23,

1994 in Al-Baida, Yemen, as stated in my Consular Report of Birth Abroad. I am a U.S. Citizen. My parents

are Adeeb Mnasar Saleh (Father) and Sanaa Yahya Mohamed (Mother). I am writing this letter to express

and explain my frustration, extreme burden and hardships that I have had to endure. In 2014, like any other

U.S. Citizen, I applied to renew my U.S. Passport. To my surprise and astonishment, the Passport office,

via the secretary of state, refused to issue me a renewed passport for reasons NEVER divulged. It has now

been six (6) years since I have applied for my U.S. Passport and I have been given the runaround and hit a

road block. Because it has been nearly six (6) years since it was confiscated from me, without any

explanation or means of remedy, I am begging for your assitance. I have complied with all procedures and

requests that have been requested of me, they include but are not limited to: (1) Submit a DNA tests, (2)

Provide Certified Clearance Letters, and (3) Provide all documents that are requested, that proves my

identity. (4) Provide affidavits.

Everything demanded of me I did—including providing a DNA test! Yet, I am still in limbo without

rhyme or reason. Six (6) years is a long time to investigate a matter, and only takes this long when there's

no case. I firmly believe that the delay is an undue delay without cause and I deserve the U.S. Citizenship

passport.

I very firmly believe that I have been more than compliant with the standard process, and the subsequent burdened demands. It has become extremely difficult for me live in fear from my own government, one whom I hoped would provide me all the protections, rights, and opportunities. This issue has caused me great emotional distress, I have had several family emergencies in my home country that I was not able to attend due to this matter. I am deprived of the ability to travel internationally as it is my birth right as a United States Citizen. I am also in fear on a daily basis of what the future holds as I do not know if there will come a day when I am no longer welcome to live in the country that has been my home for the majority of my life. I do not know or have any way of knowing how to survive in another country, and when I lay awake at night my mind often imagines the worst possible scenarios and outcomes. Based upon my understanding, I see myself in a position where exercising my Constitutional rights of due process as I am being deprived, in various ways, of life, liberty and the pursuit of happiness. As a result of there being absolutely no updates or information provided regarding my case, that it is being treated with neglect and possibly malice. I am a good person, with a very big heart, I love my Country. I am attempting to explain the way this entire situation has negatively impacted me. I would greatly appreciate any assistance, guidance, information or anything that can be provided to me so that I at least have an understanding of a path moving forward. At this point, if my requests neglected, my next step in a situation like this is to take legal action and involve a Mandamus lawsuit. That is not the avenue I wish to proceed with, especially considering the heavy monetary burden this will have on my family and myself, however given the nature of the situation and the complete lack of any feedback or progress, I am very close to concluding that it may be my only option remaining. I humbly and respectfully request that anything that can be done or provided to me is in fact followed through with and I thank you for your time and appreciation with this matter.

With Respect,

Adeeb Adeeb Mnasar Saleh

## SWORN AFFIDAVIT

I, ADEEB ADEEB MNASAR SALEH, born on August 23,1994,
Social Security No. 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 hereby solemnly swear and affirm
under the penalty of perjury that the facts stated herein are true and
accurate to the best of my knowledge, information, and belief. I have
personal knowledge of the facts and matters stated herein and I am
competent to testify as such if called as a witness before any court of
law.

STATE OF MICHIGAN )
 ) ss
COUNTY OF WAYNE )

Before me, the undersigned Notary Public, on this 28ᵗʰ day of January 2020, personally appeared Adeeb
Adeeb Mnasar Saleh, known to me on the basis of satisfactory evidence to be said credible person of
lawful age, who being by me first duly sworn, on their oath, deposes and says under penalty of perjury:

Further affiant sayeth naught.

Name: Adeeb Adeeb Manscar Saleh
Address: 10037 Burly St Apt 84

Subscribed and sworn to before me this 26 day of January 2020

Notary Public
State of Michigan, County of Wayne
My Commission Expires 03/16/2026

David Lopez
Notary Public of Michigan
Wayne County
Expires 03/16/2026
Acting in the County of Wayne

18

# EXHIBIT C

Human Resources
Lear Corporation

6501 E. Nevada
Detroit, MI 48234

**LEAR.**
CORPORATION

Ericka Beasley-Jones, Asst. HR Manager
OFFICE: (313) 731-0687
FAX: (313) 731-0857
EMAIL: ebeasleyjones@lear.com

February 8, 2021

To Whom It May Concern:

This letter is in verification that Adeeb Saleh is currently an active employee at the Detroit Nevada Plant of Lear Corporation and has been since 1/9/2015. If further information is needed, please contact me at 313-731-0687.

Sincerely,
Ericka Beasley-Jones
Assistant HR Manager
IMA Detroit plant



Integrated Manufacturing & Assembly

## Service Request Form

Date: 02-08-2021

Employee Name: Adeeb Saleh

**Reason for request:**

☐ 401 K *(please specify below)*

☐ Benefits *(please specify below)*

☐ Attendance

☐ Payroll *(please specify below)*

☐ Change of Address

☑ Employment Verification *(attach forms)*

☐ Tuition Reimbursement Form(s)

☐ Vacation/Personal Day Balance

☐ Other: _____

**Details pertaining to the request:**

_____

Employee's Signature: _____
A response with be given to you within 24-48 hours of submission

**Human Resources Use Only:**

Date Received: 2/8/21

☐ 401 K *(loans, paperwork, etc)* – See Attached

☐ Attendance Advisor Login Information: *Visit the nearest kiosk or* www.AttendanceAdvisor.net

Company Code: **imad I** Username: _____ Password: _____
*Once Logged into Attendance Advisor select "View My Info". Be advised that the login information is case sensitive.*

☐ Benefits *(deductions, Information, etc)* – See Attached

☐ Employment Verification – See Attached

☐ Payroll *(direct deposit, pay corrections, tax forms, etc)* – See Attached

☐ Tuition Reimbursement – See Attached

☐ Vacation Balance: _____ Personal Day Balance: _____

☐ Other: _____ - See Attached

Date Processed: 2/8/21
(Date)

Processed By: _____
(HR Representative)

For Reference, Only

21

EXHIBIT D

```
==================================
               DEARBORN
         3800 GREENFIELD RD
      DEARBORN, MI 48120-9998
             252400-0120
             (800)275-8777
         04/24/2020 11:24 AM
==================================
==================================
```

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Misc Rev - Other | | | $0.75 |
| USPS Passport Fees | | | $35.00 |
| (Application Type:Routine Service) | | | |
| (Passport Type:Adult Book) | | | |
| Dom M.O. - Value | | | $110.00 |
| (Serial#:26635132945) | | | |
| Dom M.O. Fee | | | $1.25 |
| Total: | | | $147.00 |

```
Debit Card Remit'd                    $147.00
    (Card Name:Debit Card)
    (Account #:XXXXXXXXXXXX5970)
    (Approval #)
    (Transaction #:596)
    (Receipt #:018047)
    (Debit Card Purchase:$147.00)
    (Cash Back:$0.00)
```

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

              Preview your Mail
              Track your Packages
              Sign up for FREE @
              www.informeddelivery.com

All sales final on stamps and postage.
  Refunds for guaranteed services only.
      Thank you for your business.

            HELP US SERVE YOU BETTER

          TELL US ABOUT YOUR RECENT
                POSTAL EXPERIENCE

                  Go to:
        https://postalexperience.com/Pos

      840-5481-0011-002-00037-73617-02

             or scan this code with
               your mobile device:



          or call 1-800-410-7420.

            YOUR OPINION COUNTS

Receipt #: 840-54810011-2-3773617-2
Clerk: 36



EXHIBIT E



**United States Department of State**

*Detroit Passport Agency*
*44132 Mercure Circle*
*PO Box 1066*
*Sterling, Virginia 20166-1066*

August 28, 2020

**2nd Request**

Adeeb Adeeb-Mnasar Saleh
13205 Bryan St
Dearborn, MI 48126

RE: 561865956

Dear Mr. Saleh:

Thank you for your recent passport application.

Our records indicate that you previously applied for a passport on 04/28/2014, but you did not respond to requests for sufficient evidence to establish your entitlement to a U.S. passport. And your second application was denied on 02/23/2018. Therefore, in accordance with passport regulations, additional information in needed in order to continue processing your request.

**The relationship between you and your U.S. citizen parent, Adeeb Mnasar Saleh has not been established.**

Please submit DNA testing conducted by an American Association of Blood Banks (AABB) testing facility to document your blood relationship with your father, Adeeb Mnasar Saleh. The testing must be performed on samples taken by local technicians approved/authorized by the AABB, and the lab submits the results in a sealed envelope directly to our office. Such testing is entirely voluntary and all costs would be your responsibility. Submitting to testing does not guarantee issuance of a U.S. passport. For a list of AABB accredited relationship testing laboratories in the United States, please visit www.aabb.org.

To assist with processing your application, we must receive the requested information **within ninety (90) days of the date shown on this letter.** If the information is not received or is insufficient to establish your entitlement to a U.S. passport, your application may be denied and your documents will be returned. By law, the passport execution and application fees are non-refundable.

If you have any questions regarding this letter or your passport application, contact the National Passport Information Center (NPIC), toll-free, at 1-877-487-2778 (TTY/TDD: 1-888-874-7793). For general passport information, to check the status of your passport application or to enroll in our Smart Traveler Enrollment Program (STEP), please visit us on-line at travel.state.gov.

**PLEASE RETURN A COPY OF THIS LETTER, ALONG WITH ALL REQUESTED INFORMATION TO THE ADDRESS LISTED ABOVE INCLUDING THE +4 ZIP CODE.**

Sincerely,
163/jg
Program Management



## *Hobballah Legal Group*, PLC

Attorney & Counselor at Law
16030 MICHIGAN AVE. STE 100, DEARBORN, MI 48126

**September 24, 2020**

Detroit Passport Agency
44132 Mercure Circle
PO Box 1066
Sterling, Virginia 20166-1066

Dear Sir/Madam:

**RE:**          **Adeeb Adeeb-Mnasar Saleh re: 561865956**

Dear Agency:

We are in receipt of your 2nd request for a "voluntary" DNA test. You can not deny this application because Adeeb does not wish to do something this, by your VERY ADMISSION, is VOLUNTARY.

For your information, Adeeb Adeeb-Mnasar Saleh applied for another passport in 2020 and we are awaiting that result.

The passport application from 2014 and 2018 was dealt with DNA testing conducted on my client ALREADY. Please review your files to retrieve such testing.

Everything that you need is provided in the enclosed packet. One notable item is a part of YOUR OWN WEBSITE on travel.state.gov describing how a child can acquire U.S. Citizenship through a Consular Report of Birth Abroad.

Your incessant request, which comes over a decade later, is clearly harassment and racist. We are prepared to file a writ of mandamus and APA petition in response to this undue delay.

Relief Requested: Please issue Mr. Adeeb Saleh his U.S. Passport as soon as possible.

Yours very truly,
**Hobballah Legal Group, PLC**

Legal@myfarahlawyer.com                    PH: 313.443.8999
www.myprolawyer.com                         FAX: 313.731.0210

Farah Hobballah, Esq.
FH/dl

*Enclosures attached*



# Acquisition of U.S. Citizenship at Birth by a Child Born Abroad

"In Wedlock" means a person is considered to be born in wedlock for the purposes of citizenship acquisition when the genetic or gestational parents are:

- Legally married to each other at the time of the person's conception or birth or within 300 days of the termination of the marriage by death or divorce, and
- Both parents are the legal parents of the child under local law at the time and place of birth.

In all cases, the U.S. citizen parent must be the genetic or the gestational parent and the legal parent of the child under local law at the time and place of the child's birth to transmit U.S. citizenship to the child. If you have questions about this page or U.S. citizenship laws, you should contact a private attorney. You can also find information about the Child Citizenship Act on our site.

Child Born Abroad in Wedlock to Two U.S. Citizen Parents ⊕

Child Born Abroad in Wedlock to a U.S. Citizen and an Alien ⊖

A person born abroad in wedlock to a U.S. citizen and an alien acquires U.S. citizenship at birth if the U.S. citizen parent has been physically present in the United States or one of its outlying possessions prior to the person's birth for the period required by the statute in effect when the person was born (INA 301(g), formerly INA 301(a)(7)).

For birth **on or after November 14, 1986**, the U.S. citizen parent must have been physically present in the United

States or one of its outlying possessions for five years prior to the person's birth, at least two of which were after the age of 14.

For birth **between December 24, 1952 and November 13, 1986**, the U.S. citizen parent must have been physically present in the United States or one of its outlying possessions for 10 years prior to the person's birth, at least five of which were after the age of 14 for the person to acquire U.S. citizenship at birth. The U.S. citizen parent must be the genetic or the gestational parent and the legal parent of the child under local law at the time and place of the child's birth to transmit U.S. citizenship.

Child Born Abroad Out-of-Wedlock to Two U.S. Citizen Parents

Child Born Abroad Out-of-Wedlock to a U.S. Citizen Father and Alien Mother - "New" Section 309(a)

Child Born Abroad Out-of-Wedlock to a U.S. Citizen Mother

# EXHIBIT F



LAW OFFICE OF *Farah Hobballah*, PLC

**Attorney & Counselor at Law**

16030 MICHIGAN AVE. STE 100. DEARBORN, MI 48126

August 17, 2020

U.S. Department of State
Detroit Passport Agency
44132 Mercure Cir
PO Box 1066
Sterling, VA 20166-1066

**Re:     561865956**
**        Adeeb Adeeb-Mnasar Saleh**

Dear U.S Department of State,

     Thank you for responding in a timely fashion to Mr. Adeeb-Mnasar Saleh.

     The Law office of Farah Hobballah represents Mr. Adeeb-Mnasar Saleh in the matter of his passport reissuance. Mr. Adeeb-Mnasar Saleh has been more than cooperative in providing evidence to reclaim his passport, he has submitted blood work in the past after you issued the same request. Mr. Adeeb-Mnasar Saleh is extremely frustrated and disappointed with how this department is managing his case. Due to the DNA testing being completely voluntary, our client does not agree with this injustice being done to him and does not see the need to provide such test. If you are so inclined, please use the previously conducted blood test which was submitted to you in 2018.

This undue delayed process has brought emotional distraught to our client. He has been a U.S. citizen for almost 23 years.  Mr. Adeeb-Mnasar Saleh will be exercising his right as a USC and demanding his passport be reissued immediately.  We believe that what is being done to our client is unconstitutional. Mr. Adeeb-Mnasar Saleh has had passport withheld from him without warning or explanation. If Mr. Adeeb-Mnasar Saleh's passport is not reissued, we will be forced to submit a Writ of Mandamus. Please feel free to contact our office should you have any response. Thank you for your attention to this matter, we hope to hear from you soon.

Yours Very Truly,

Farah Hobballah, Esq

FH/dl

32

**Senator Gary Peters**



**Immigration Privacy Release**

**United States Senator for Michigan**

The *Privacy Act of 1974* requires congressional offices to obtain written authorization from a constituent before a federal agency may release any case specific information regarding that person to a Member of Congress, United States Senator, or their offices. Please complete and return this privacy release form to my Detroit office at the address listed below. Family, friends and other third parties are not able to authorize release of information on your behalf.

## Your Case Information

*\* Denotes required case information*

\*Petitioner/Applicant Name: _Adeeb Adeeb Mnasar Saleh_       \*Date of Birth: _08/23/1994_

Alien Number (if applicable): _____    \*Country of Birth: _Yemen_

\*Beneficiary Name (if applicable): _____    \*Date of Birth: _____

Alien Number (if applicable): _____    \*Country of Birth: _____

\*USCIS Receipt Number(s) (if applicable): _____

\*Department of State Case Numbers (if applicable): _US State Department of ~~Passports~~ ˢᵗᵃᵗᵉ Office_

Receipt Date/Priority Date: _____    \*Form Type(s) (e.g. I-130, I-140, I-485): _DS-11_

\*Visa Applicant Passport Number (for nonimmigrant cases only): _____

Are you currently working with the office of another Member of Congress or U.S. Senator on this matter? (circle which applies)

YES    or    ( NO )    If yes, please specify which office(s): _____

**\* Please provide a brief description of your matter on another sheet of paper.**

**Your Contact Information** (this must be the contact information for the same person listed as the petitioner/applicant for this matter)

Prefix: _____    Name: _Adeeb Adeeb-Mnasar Saleh_

Address: _10037 Burley St. Apt 4_

City: _Dearborn_      State: _MI_      Zip: _48120_

Mobile Phone: _313-478-5523_      Alternate Phone: _____

Email: _____

- If you have another party with whom you would like my office to communicate about your case, please complete a separate third party authorization form (or if your contact is an attorney, have them provide a copy of a completed G-28).

## Privacy Statement

I hereby certify the information I have provided in this release and in any supporting documents submitted with it to be true and correct, to the best of my knowledge. Neither this privacy release, nor any of the supporting documents provided with it, were provided with the intent to evade or violate any law.

I authorize Senator Gary Peters and his staff to work on my behalf with agencies in the U.S. Department of Homeland Security, U.S. Department of State, U.S. Department of Justice and/or U.S. Department of Labor relevant to the matter described above, to receive and review any information contained in my file, and, if necessary, to forward any pertinent correspondence sent by me regarding this matter to those agencies.

_adeeb Saleh_
Signature of Petitioner/Applicant

_02-6-2020_
Date

- For cases involving an I-730, I-751, or the U.S. Refugee Admissions Program the beneficiary must also sign the release.

Signature of Beneficiary              Date

**To return this form by mail:**
U.S. Senator Gary Peters
Attn: Constituent Services
477 Michigan Avenue, Suite 1837
Detroit, MI 48226

**To return this form by fax:**
(313) 226-6948

EXHIBIT G



**UNITED STATES POSTAL SERVICE** ®

## CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

Pay to

Address

**NOT NEGOTIABLE**

KEEP THIS RECEIPT FOR YOUR RECORDS

Serial Number

21592245960

| Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|
| 2014-04-28 | 481270 | $200.00 | 0002 |

---

**UNITED STATES POSTAL SERVICE** ®

## CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

Pay to

Address

**NOT NEGOTIABLE**

KEEP THIS RECEIPT FOR YOUR RECORDS

Serial Number

21592245960

| Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|
| 2014-04-28 | 481270 | $200.00 | 0002 |

# EXHIBIT H



United States Department of State

*Detroit Passport Agency*
*44132 Mercure Circle*
*PO Box 1066*
*Sterling, Virginia 20166-1066*

December 3, 2020

Adeeb Adeeb Mnasar Saleh
13205 Bryan St
Dearborn, MI 48126

RE: 561865956

Dear Mr. Saleh:

Thank you for your passport request. Our office sent you a letter requesting additional information to establish your entitlement to a U.S. passport. A copy of that letter, which was sent on August 28th, 2020 and gave you 90 days to comply with the request, is enclosed. To date, we have not received the requested information.

The evidence you provided with your passport application is insufficient to establish your entitlement to a U.S. passport. Therefore, your passport application is denied. Any documents you submitted with your application are enclosed. Any special return postage fees will be returned or refunded only upon written request from the applicant if the service is not provided. By law, the passport execution and application fees are non-refundable.

If you still wish to obtain a passport book and/or passport card, you will need to reapply by executing a new application and paying the appropriate fees.

If you have any questions regarding this letter you may contact the National Passport Information Center (NPIC), toll-free, at 1-877-487-2778 (TTY/TDD: 1-888-874-7793).

Sincerely,
163/jg

Program Management

SBU -PRIVACY OR PII